Curia,-per Dunkin, Ch.
We are of opinion that the ground of appeal is well taken, and that Murphy was a competent witness. His testimony was rejected because he was surety on the bond of Smoot, as administrator of Mrs. Rembert, and had, therefore, as was supposed, a direct interest in the event of the suit. The liability of the surety is fixed by the terms of the bond to the ordinary. It is the duty of his principal, in the first place, to cause an inventory to be made of the goods and chattels of the intestate, and then, after payment of debts, to distribute the same among the next of kin.
By the will of Manassah Michau, Mrs. Rembert had a life estate in the negroes, with remainder to the parties in this suit. On the death of the life tenant, the negroes were all forthcoming, were in fact divided among the remaindermen, and the partition has been affirmed by the judgment of this court.
But was the surety to Smoot’s administration bond on the estate of Mrs. Rembert, in any manner liable for his conduct in-reference to these negroes ? He undertook for his faithful administration of .Mrs. Rembert’s estate — nothing more. The ne-groes of the remaindermen constituted no part of that estate, any more than slaves which she had hired by the year. As administrator, Smoot was liable for such goods and chattels as ought to be included in the inventory, to be returned to the ordinary. These, and these only, constituted the assets of the estate of his intestate, and form the measure of his responsibility, and that of his surety. If hired negroes were found on the place, or an estray, or any other property, which did not belong to the intestate, it would be his bounden duty to restore them to the rightful owner, and failing to do so, he would be responsible to the parties interested. But this is not a duty falling within the condition of his administration bond, or for default in which his *287 sureties would be responsible. So, for certain purposes, the tenant for life is held to stand in a fiduciary relation to those entitled in remainder, but after the extinguishment of the life estate, the property can, in no view, be considered as assets of the estate of the tenant for life; and for these only is the surety to the administration bond responsible. These negroes could neither be included in the inventory of Mrs. Rembert’s estate, nor could the administrator, as such, have maintained trover for them, either against the remaindermen, or any one else. For the conduct of Smoot, therefore, in relation to these negroes, the surety on his administration bond was, in no way, responsible, and his testimony should have been received.
It is ordered and decreed, that the report of the commissioner in relation to the account for hire of the negroes, be recommitted.
Johnson and Johnston, CC. concurred.